Edwin Pairavi, Esq.,          (State Bar No.: 257290)
edwin@pairavilaw.com
Joshua M. Mohrsaz, Esq.,      (State Bar No.: 307759)
joshua@pairavilaw.com
PAIRAVI LAW, P.C.
1875 Century Park East, Suite 480
Los Angeles, California 90067
Telephone:   (310)789-2063
Facsimile:    (310)789-2064

Attorneys for Plaintiff,
**JOSE RODRIGUEZ**

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA - SOUTHERN DIVISION

| | |
|---|---|
| JOSE RODRIGUEZ, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>WAL-MART STORES, INC., a Delaware Corporation; and DOES 1 through 50, inclusive,<br><br>Defendants. | **CASE NO.**  2:17-cv-05219-JAK-RAO<br><br>**PLAINTIFF'S NOTICE OF MOTION AND MOTION PURSUANT RULE 11 FOR SANCTIONS AGAINST DEFENDANT; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Hearing Date:     July 1, 2019<br>Hearing Time:    8:30 a.m.<br>Complaint Filed:  February 28, 2017<br>Courtroom:        10B<br><br>Assigned to Honorable Judge<br>JOHN A. KRONSTADT |

PAIRAVI LAW, P.C.
1875 Century Park East, Suite 480
Los Angeles, CA 90067

**TO DEFENDANT AND ITS ATTORNEY OF RECORD:**

**NOTICE IS HEREBY GIVEN** that on July 1, 2019 at 8:30 a.m., or as soon thereafter as the matter may be heard, in Courtroom 10B of the above-referenced Court, Plaintiff Jose Rodriguez ("Plaintiffs") will move for sanctions against Defendant Wal-Mart Stores, Inc. ("Defendant") pursuant Federal Rules of Civil Procedure, Rule 11 ("Rule 11 Motion") in an amount to deter defendant form filing frivolous motions and for Plaintiff's attorney fees in the amount of $13,775.00 on the following grounds:

Defendant and its counsel filed a motion titled "Suggestion as to Lack of Jurisdiction Pursuant to Fed. R. Civ. P. 12(h)(3) and Motion for Judgment on the Pleadings Pursuant Fed. R. Civ. P. 12(c)" ("Defendant's Motion"). Defendant's Motion is in violation of Rule 11(b)(2) in that the legal contentions are not warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law.

This motion is made following the conference of counsel pursuant to L.R. 7-3 which took place between March 7, 2019 and March 28, 2019. (See Declaration of Joshua M. Mohrsaz "Decl. Mohrsaz" ¶¶ 4-13.)

This Rule 11 Motion was made in accordance with Rule 11(c)(2) notice requirements. On March 28, 2019 Plaintiff served this Rule 11 Motion upon Defendant requesting Defendant's Motion to be withdrawn within the 21 day period prescribed by the Rule. After Defendant refused to withdraw Defendant's Motion, this Rule 11 Motion was filed on April 19, 2019. (See Decl. Mohrsaz ¶¶ 12-13.)

///
///
///
///
///

-ii-

PAIRAVI LAW, P.C.
1875 Century Park East, Suite 480
Los Angeles, CA 90067

DATED:  April 19, 2019

Respectfully Submitted,
PAIRAVI LAW, P.C.

/s/ Edwin Pairavi

BY:   Edwin Pairavi, Esq.,
Joshua M. Mohrsaz, Esq.,
Attorneys for Plaintiff,
JOSE RODRIGUEZ

PAIRAVI LAW, P.C.
1875 Century Park East, Suite 480
Los Angeles, CA 90067

-iii-
PLAINTIFF'S MOTION PURSUANT RULE 11 FOR SANCTIONS AGAINST DEFENDANT

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.    INTRODUCTION**

Defendant's Motion is made on the faulty premise that a failure to exhaust administrative remedies operates to deprive the Court of its fundamental subject matter jurisdiction.  Since that is not the case, Defendant's Motion was improperly brought pursuant Rule 12(h)(3) and should have been brought pursuant Rule 12(b)(6) or pursuant Rule 56.

On a Rule 12(b)(6) motion, the Court cannot consider matters outside of the pleadings.  As Defendant's Motion tacitly admits, based upon the pleadings, no non-frivolous argument can be made that Plaintiff has failed to exhaust administrative remedies.

On a Rule 56 motion, the Court may consider matters beyond the pleadings, However, had Defendant's Motion been brought pursuant Rule 56, the Court would have denied Defendant's Motion as untimely because discovery closed on June 27, 2018 and a Rule 56 motion must be filed within thirty days of the close of discovery.

As such, Defendant's Motion was made upon clearly improper grounds.  Had Defendant's counsel conducted the proper legal research, it would have quickly determined as such.  Therefore, sanctions are appropriate pursuant Rule 11(b)(2).

**II.    MEET AND CONFER EFFORTS**

Between March 7, 2019 and March, 28, 2019 Plaintiff's counsel attempted to meet and confer with Defendant's counsel regarding Plaintiff's intent to move pursuant Rule 11 in conjunction with Defendant's Motion. (See Decl. Mohrsaz ¶¶ 4-13.)  Specifically, both of Plaintiff's trial counsels engaged in a lengthy telephone conference with Defendant's counsel regarding the intent to bring a Rule 11 motion. (Decl. Mohrsaz ¶ 5.)  Thereafter, counsel for both parties exchanged a series of emails wherein case law was discussed. (Decl. Mohrsaz ¶¶ 6-11.)  During

PAIRAVI LAW, P.C.
1875 Century Park East, Suite 480
Los Angeles, CA 90067

1  these exchanges, Plaintiff's counsel offered to engage in a further telephonic meet

2  and confer regarding the matter. (Decl. Mohrsaz ¶ 9.)

3        At the conclusion of the meet and confer process, Plaintiff provided

4  Defendant with a draft of the Rule 11 Motion and thereafter waited the statutorily

5  required twenty-one (21) days to file. (Decl. Mohrsaz ¶¶ 12-13.)

6  **III.  ARGUMENT**

        A.    **Failure to Exhaust Administrative Remedies Under the FEHA**
7              **Does Not Implicate the Court's Fundamental Subject Matter**
               **Jurisdiction and Therefore This Motion Should be Considered**
8              **Pursuant 12(b)(6)**

9        Defendant's Motion is predicated upon the mistaken belief that a plaintiff's

10  failure to exhaust administrative remedies under the FEHA operates as a bar to the

11  Court's fundamental subject matter jurisdiction.

12        Contrary to that assertion, a failure to exhaust administrative remedies

13  pursuant the FEHA does not operate to deprive subject matter jurisdiction, rather it

14  operates as a "jurisdictional perquisite." See, e.g., *Rodriguez v. Airborne Express*,

15  265 F.3d 890, 900 (9th Cir. 2001) ("Although California courts describe

16  exhaustion as a jurisdictional prerequisite to suit under FEHA, this label does not

17  implicate the trial court's fundamental subject matter jurisdiction; *Kim v. Konad*

18  *USA Distribution, Inc.*, 226 Cal.App.4th 1336, 1348 (2014) ("We therefore

19  disagree with defendants' underlying premise that exhaustion of administrative

20  remedies affects the fundamental subject matter jurisdiction of the court."); *Azusa*

21  *Land Reclamation Co. v. Main San Gabriel Basin Watermaster*, 52 Cal.App.4th

22  1165, 1215-16 (1997) ("[T]he failure to exhaust does not deprive a court of subject

23  matter jurisdiction. The cases that describe the requirement as 'jurisdictional'

24  simply stand for the unremarkable proposition that the court does not have the

25  discretion to refuse to apply the doctrine in cases where it applies"); *Wallis v.*

26  *Farmers Group, Inc.*, 220 Cal.App.3d 718, 735 (1990) ("[D]octrine of exhaustion

27  of remedies does not implicate subject matter jurisdiction."); *Green v. City of*

28

PAIRAVI LAW, P.C.
1875 Century Park East, Suite 480
Los Angeles, CA 90067

PLAINTIFF'S MOTION PURSUANT RULE 11 FOR SANCTIONS AGAINST DEFENDANT

*Oceanside*, 194 Cal.App.3d 212, 222 (1987) (citing *Abelleira v. District Court of Appeal*, 17 Cal.2d 280 (1941) ("*Abelleira* makes it *abundantly clear* that the exhaustion doctrine does not implicate subject matter jurisdiction but rather is a 'procedural prerequisite') (emphasis added).

When the failure to exhaust administrative remedies is a jurisdictional prerequisite rather than a bar to subject matter jurisdiction, a motion to dismiss based on such a failure is properly filed pursuant to Rule 12(b)(6). See, e.g., *Vinieratos v. United States*, 939 F.2d 762, 768, fn.5 (9th Cir. 1991) (characterizing administrative exhaustion requirement as a waivable condition precedent and considering the motion to dismiss pursuant to Rule 12(b)(6); *Gorman v. Verizon Wireless Tex., LLC*, 753 F.3d 165, 170 (5th Cir. 2014).

Since the determination of whether Plaintiff failed to exhaust administrative remedies under the FEHA does not implicate the Court's fundamental subject matter jurisdiction, Defendant's Motion was improperly couched as a motion to dismiss for lack of subject matter jurisdiction pursuant Rule 12(c) or 12(h)(3). Instead, Defendant's Motion would be properly considered pursuant Rule 12(b)(6) or Rule 56.

Indeed, the cases cited by Defendant in support of its mistaken proposition that a failure to exhaust administrative remedies under the FEHA deprives the Court of its fundamental subject matter jurisdiction were uniformly decided on Rule 12(b)(6) or Rule 56 motions *not* on motions to dismiss for lack of subject matter jurisdiction. See *Martin v. Lockheed Missiles & Space Co.*, 29 Cal.App.4th 1718 (affirming summary judgment); *Miller v. United Airlines, Inc.*, 174 Cal.App.3d 878 (1985) (same); *Becerra v. San Diego Community College District*, 2018 WL 4385370 at *5 (S.D. Cal., Sept. 14, 2018, No. 17-CV-2489-BAS-MDD) (granting Rule 12(b)(6) motion); *Hurst v. City of Los Angeles* (9th Cir. 2006) 171 Fed.Appx. 103, 104 (affirming summary judgment); *Horn v. CRC Health Group, Inc.*, 2018 WL 3417504, at *1 (N.D. Cal., July 13, 2018, No. 17-CV-02192-NC)

PAIRAVI LAW, P.C.
1875 Century Park East, Suite 480
Los Angeles, CA 90067

1   (same).

2       The same result should follow here and the Court should consider

3   Defendant's Motion pursuant Rule 12(b)(6) or Rule 56.  However, in either event,

4   Defendant's Motion would be denied.

5   **B.    In Considering Defendant's Motion Under Rule 12(b)(6), the Court Would Not Look Beyond the Pleadings and Therefore Deny Defendant's Motion**

6

7       In resolving a Rule 12(b)(6) motion, the court must: (1) construe the

8   complaint in the light most favorable to the plaintiff; (2) accept all well-pleaded

9   factual allegations as true; and (3) determine whether plaintiff can prove any set of

10  facts to support a claim that would merit relief. *Cahill v. Liberty Mut. Ins. Co.*, 80

11  F.3d 336, 337-38 (9th Cir.1996).

12      "[T]he court's analysis is limited to facts alleged in the pleadings, and all

13  reasonable inferences must be construed in the light most favorable to the

14  plaintiff." *Yeager v. Cingular Wireless LLC*, 627 F.Supp.2d 1170, 1176-77 (E.D.

15  Cal. 2008).[1]

16      Under the FEHA, the employee must exhaust the administrative remedy

17  provided by the statute by filing a complaint with the DFEH and must obtain from

18  the DFEH a notice of right to sue in order to be entitled to file a civil action in

19  court based on violations of the FEHA. Cal. Gov. Code §§ 12960, 12965(b); *Rojo*

20  *v. Kliger*, 52 Cal.3d 65, 88 (1990).  Claimants are required to file their

21  administrative charges within one year of the alleged violations of FEHA and the

22  complaint must be filed within one year of the last alleged unlawful action. Cal.

23  Gov. Code § 12960.

24  ///

25

PAIRAVI LAW, P.C.
1875 Century Park East, Suite 480
Los Angeles, CA 90067

26  [1] Even if the Court were to consider Defendant's Motion pursuant Rule 12(c) only the legal

27  sufficiency of the pleadings should be considered. *Perez v. Wells Fargo & Co.*, 75 F.Supp.3d 1184, 1187 (N.D. Cal. 2014); see also *Cafasso, U.S. ex rel. v. General Dynamics C4 Systems, Inc.*, 637 F.3d 1047, 1054, fn. 4 (9th Cir. 2011) ("Rule 12(c) is 'functionally identical' to Rule

28  12(b)(6).").

-4-

Here, Plaintiff's clearly exhausted administrative remedies prior to filing his Complaint. Defendant's Motion tacitly admits as such insofar as Defendant contends facts giving rise to Defendant's Motion exist only by virtue of the declaration Plaintiff submitted in support of his opposition to Defendant's motion for summary judgment. (See Mtn. 2:2-6.)

The allegations and undisputed facts show a clear exhaustion of administrative remedies:

On April 1, 2014 Plaintiff suffered a workplace injury requiring accommodations. (Complaint ¶¶ 10-11.) Following Plaintiff's request for accommodations, Plaintiff was subjected to retaliation, including a demotion. (Complaint ¶ 12.) In February 2015, Plaintiff spoke with SM Olguin regarding the ongoing retaliation he was suffering to which the latter stated he would "look into [Plaintiff's] complaint." (Complaint ¶ 13.) Nevertheless, in early March 2015, Plaintiff was terminated in retaliation for his requests for accommodation and for the subsequent complaints he made. (Complaint ¶ 14.)

It is undisputed that Plaintiff was terminated on March 6, 2015.

It is undisputed that Plaintiff obtained a right to sue from the California Department of Fair Employment and Housing on March 3, 2016.

It is undisputed that Plaintiff filed complaint in Ventura County Superior Court on February 27, 2017.

As such, there is no question that Plaintiff timely exhausted administrative remedies pursuant the FEHA and timely filed complaint in state court.

## C. In Considering Defendant's Motion Under Rule 56, Defendant's Motion Would be Considered Untimely and Denied

Rule 12(d) provides that, "[i]f, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." FRCP 56(b); see also *Yakima Valley Memorial Hosp. v. Washington State Dept. of Health* (9th

PAIRAVI LAW, P.C.
1875 Century Park East, Suite 480
Los Angeles, CA 90067

Cir. 2011) 654 F3d 919, 925 (holding district court has discretion to convert motion for judgment on pleadings to summary judgment motion).

Should the Court consider the extrinsic evidence provided by Defendant in support of Defendant's Motion, it would necessarily be required to treat Defendant's Motion as one for summary judgment under Rule 56. However, if the Court exercises such discretion, it should deny Defendant's Motion as untimely.

A motion for summary judgment must be made within thirty days after the close of discovery. FRCP, Rule 56(b).

Here, discovery closed on June 27, 2018. Defendant's Motion was not brought until May 20, 2019. Thus, Defendant's Motion is clearly untimely if considered pursuant Rule 56.

### D. Since There is No Legal Basis for Defendant's Motion, Rule 11 Sanctions Are Warranted

Rule 11(b) provides that "[b]y presenting to the court a pleading, written motion, or other paper--whether by signing, filing, submitting, or later advocating it--an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances . . . (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law."

Counsel has an "affirmative duty of investigation both as to law and as to fact before motions are filed." *Golden Eagle Distributing Corp. v. Burroughs Corp.* 801 F.2d 1531, 1536 (9th Cir. 1986). Where a review of the applicable law would have revealed that the motion brought was groundless, Rule 11 is violated and the court should impose sanctions. *Stewart v. American Intern. Oil & Gas Co.* 845 F.2d 196, 201 (9th Cir. 1988).

///

///

PAIRAVI LAW, P.C.
1875 Century Park East, Suite 480
Los Angeles, CA 90067

PAIRAVI LAW, P.C.
1875 Century Park East, Suite 480
Los Angeles, CA 90067

1    Here, had counsel properly carried out its affirmative duty to investigate

2    applicable law, it would have discovered that Defendant's Motion was not

3    supported by existing law.  Namely, that a failure to exhaust administrative

4    remedies does not operate to deprive the Court of its fundamental subject matter

5    jurisdiction.  Had Defendant made that determination, it would have realized that,

6    Defendant's Motion could not have been brought as a motion to dismiss for lack of

7    subject matter jurisdiction pursuant Rule 12(c) or 12(h)(3).  Instead, it should have

8    been brought under Rule 12(b)(6) or Rule 56.

9    If Defendant's Motion was brought pursuant Rule 12(b)(6), only matters

10   within the pleadings should have been considered.  In such a case, no nonfrivolous

11   argument could have been made that Plaintiff failed to exhaust administrative

12   remedies as a matter of law based purely on the face of Plaintiff's Complaint.

13   On the other hand, had Defendant's Motion been brought pursuant Rule 56,

14   it would nevertheless also be frivolous in that the time to bring such a motion

15   expired in July 2018.

16   As such, there was simply no legal basis for bringing Defendant's Motion.

17   Thus sanctions are warranted pursuant Rule 11. Plaintiff respectfully request the

18   Court to set sanction sufficient to deter Defendant from such future conduct and

19   reimbursement of attorney fees and costs in the amount of $15,775.00 for

20   reviewing and opposing Defendant's motion for Judgment on the Pleading and

21   drafting and filing of this motion. (See Decl. Mohrsaz ¶¶ 14-22.)

22   **IV.    <u>CONCLUSION</u>**

23   Based upon the foregoing, Plaintiff respectfully requests this Court grant

24   Plaintiff's Rule 11 Motion. Plaintiff respectfully request the Court to set sanction

25   sufficient to deter Defendant from such future conduct and reimbursement of

26   attorney fees and costs in the amount of $15,775.00 for reviewing and opposing

27   Defendant's motion for Judgment on the Pleading and drafting and filing of this

28   motion.

DATED:  April 19, 2019

Respectfully Submitted,
PAIRAVI LAW, P.C.

/s/ Edwin Pairavi

BY:   Edwin Pairavi, Esq.,
Joshua M. Mohrsaz, Esq.,
Attorneys for Plaintiff,
JOSE RODRIGUEZ

PAIRAVI LAW, P.C.
1875 Century Park East, Suite 480
Los Angeles, CA 90067

-8-

PLAINTIFF'S MOTION PURSUANT RULE 11 FOR SANCTIONS AGAINST DEFENDANT

**CERTIFICATE OF SERVICE**

I certify that on April 19, 2019, I served a true and correct copy of the foregoing

**PLAINTIFF'S NOTICE OF MOTION AND MOTION PURSUANT RULE 11 FOR SANCTIONS AGAINST DEFENDANT; MEMORANDUM OF POINTS AND AUTHORITIES,** on the following attorneys as follows:

Daniel F. Fears
Andrew K. Haeffele
Jason Bluver
PAYNE & FEARS LLP
4 Park Plaza, Suite 1100
Irvine, California 92614

by the following indicated method or methods:

| | | |
|---|---|---|
| _____ | BY MAIL: | I caused a true and correct copy of the document described herein to be enclosed in a sealed envelope address to the above. |
| _____ | BY FAX: | I caused a true and correct copy to be transmitted via fax to the following number:_____. |
| _XXX_ | BY CM/ECF SYSTEM: | I caused a true and correct copy to be transmitted to the attorneys through the court's CM/ECF system on the date set forth below. |
| _____ | BY EMAIL: | I caused a true and correct copy to be transmitted via email to the following address:_____. |

Executed this __19th__ day of April, 2019, in the City and County of Los Angeles, State of California.

/s/ Edwin Pairavi
_____
Edwin Pairavi